**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Orozco Gonzalez,<br><br>Plaintiff,<br><br>v.<br><br>City of Glendale, et al.,<br><br>Defendants. | No. CV-17-04593-PHX-DWL<br><br>**AMENDED ORDER** |

Pending before the Court is Defendants' motion to dismiss under Rule 41(b). (Doc. 17.) As explained below, the motion will be denied. Additionally, the Court will construe Plaintiff's recent filings as a request under Rule 15(a)(2) to file a second amended complaint, will grant that request, and will order Doc. 19 to be treated as her second amended complaint.

**BACKGROUND**

On December 12, 2017, Plaintiff Maria Orozco Gonzalez filed a *pro se* complaint. (Doc. 1.) The complaint was difficult to follow. For example, although the complaint asserted that Plaintiff had suffered "harassment due to my Disabilities and my Gender," it did not specifically identify or assert any causes of action. (Doc. 1 at 1-2.) Similarly, although the complaint identified, by name, several different employees of the City of Glendale and seemed to be accusing each of them of wrongdoing, the introductory paragraph of the complaint identified only a single party as a defendant: "The defendant, City of Glendale C/O Nancy Mangone." (Doc. 1 at 1.)

On December 12, 2017, soon after the complaint was filed, the Court provided Plaintiff with a document entitled "Notice to Self-Represented Litigant." (Doc. 4.) Among other things, this document identified various manuals and resources that were available to Plaintiff.

On April 3, 2018, the City of Glendale and Nancy Mangone (collectively, "Defendants") filed a motion for a more definite statement. (Doc. 11.) This motion argued the complaint was "ambiguous as to who is suing, under what theories of liability, why Plaintiff sues Nancy Mangone, and if Plaintiff is suing the City of Glendale." (Doc. 11 at 2.)

On June 29, 2018, the Court issued an order granting the motion for a more definite statement. (Doc. 15.) The order concluded that additional clarification was needed because (1) "Plaintiff names both the City of Glendale and Nancy Mangone as Defendants, but her allegations fail to make clear precisely why the alleged acts in the Complaint give rise to liability for either the City or Mangone"; (2) "although the Complaint contains allegations about Plaintiff's husband's own disabilities, it is unclear whether Plaintiff purports to bring suit on behalf of her husband as well" and (3) "Plaintiff fails to allege the precise cause of action which would give rise to Defendants' liability." (Doc. 15 at 2.) Thus, the order required Plaintiff to file an amended complaint and specified that the "Amended Complaint shall set out in separately numbered paragraphs the factual basis for each claim that Plaintiff alleges and the precise legal theory supporting that claim. The Amended Complaint shall also make clear who Plaintiff is suing—and in what capacity—and how Plaintiff's allegations give rise to liability for each Defendant named in the Amended Complaint." (Doc. 15 at 3.)

On July 19, 2018, Plaintiff filed a first amended complaint ("FAC"). (Doc. 16.) The FAC did not comply with the Court's previous order. Among other things, (1) the caption of the FAC suggested Plaintiff was suing more than one defendant but did not identify each defendant with precision ("City of Glendale, et al., Defendants"); (2) the FAC did not contain separately-numbered paragraphs, which the Court had expressly required

in its previous order; and (3) although the FAC broadly alluded to several different statutes and types of misconduct (the FMLA, the "American with Disability ACT," and harassment), it did not attempt to funnel these allusions into discrete causes of action.

On August 3, 2018, Defendants filed a motion to dismiss under Rule 41(b). (Doc. 17.) In it, Defendants argued that (1) the FAC remains deficient under Rules 8 and 10—and, in fact, "is more deficient than her original Complaint"—because it fails to identify the parties, damages, and causes of action with any precision; (2) because the FAC was submitted after the Court ordered Plaintiff to supply a more definite statement, its submission should be deemed a violation of a court order; and (3) under Rule 41(b), the Court may dismiss a complaint for failure to comply with court orders. (Doc. 17 at 2-7.)

On August 7, 2018, the Court issued an order requiring Plaintiff to "file with the Clerk of the Court and serve on opposing counsel a responsive memorandum to [the motion to dismiss] no later than August 24, 2018." (Doc. 18.)

On August 24, 2018, Plaintiff filed a document entitled "Complaint (Amended) For A Civil Case." (Doc. 19.) On the one hand, this pleading was not a responsive memorandum (as required by the Court's August 7, 2018 order). On the other hand, this pleading finally supplied the details that were missing in Plaintiff's original complaint and Plaintiff's FAC. It identified two defendants with precision (City of Glendale and Carl Westbrooks), asserted that "[t]he basis for federal court jurisdiction is Federal question," identified three causes of action with prevision (first, "Violation of the FMLA Act"; second, "Violation of the Americans with Disabilities Act of 1990"; and third, "Gender Discrimination, Title VII of the Civil Rights Act of 1964"), used numbered paragraphs to supply the factual allegations supporting each cause of action, and concluded with a detailed claim for relief. (Doc. 19 at 1-9.)

On August 24, 2018, Plaintiff also filed a separate document entitled "Answer to Order." (Doc. 20.) The purpose of this document isn't clear.

On August 31, 2018, Defendants filed a reply in support of the motion to dismiss. (Doc. 21.) In it, Defendants argued that (1) Plaintiff's two submissions on August 24 were

inadequate because neither constituted a "responsive memorandum" to the motion to dismiss; and (2) Plaintiff's attempt to submit a new complaint also violated Rule 15(a)(2) because she didn't "first seek[] leave of the Court or consent of opposing counsel." (Doc. 21 at 2.)

On September 13, 2018, Plaintiff submitted a document entitled "Response to Rule 41 Motion to Dismiss." (Doc. 22.) This pleading includes the following passage: "I have filed an Amended Complaint. I followed the sample provided in the form on the United States Federal Court's website. I listed, in my Statement of Claim, my facts regarding each of the counts. As per the information, I followed the instructions and I did not make legal arguments." (Doc. 22 at 2.)

**ANALYSIS**

A. <u>Motion to Dismiss</u>

Defendants have moved to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. Although the Court shares Defendants' frustration with Plaintiff's litigation conduct to date, the Court will decline to order dismissal.

As background, Rule 41(b) allows the Court to dismiss an action for failure "to comply with . . . a court order." Before dismissal on this ground, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

The first Rule 41(b) factor—the public's interest in expeditious resolution of litigation—"always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

As to the second factor, the Ninth Circuit has recognized that district courts have inherent power to manage their dockets without being subject to noncompliant litigants. *Ferdik*, 963 F.2d at 1261. Where "dilatory conduct greatly impede[s] resolution of the case and prevent[s] the district court from adhering to its trial schedule," this factor favors

dismissal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Here, although Plaintiff has arguably violated the Court's orders on two different occasions—first, by filing a deficient FAC in response to the Court's June 29, 2018 order; and second, by failing to timely file a responsive memorandum to Defendants' motion to dismiss, as required by the Court's August 7, 2018 order—the Court cannot say these failures have greatly impeded the resolution of this case. It is notable that Defendants haven't challenged, on the merits, the sufficiency of the new complaint that Plaintiff attempted to file on August 24, 2018. Had Plaintiff simply filed this document on July 19, 2018—instead of filing the admittedly deficient FAC—this whole matter would have been resolved. The one-month delay has not "consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261. Consequently, the second factor does not favor dismissal.

The third factor considers prejudice to the defendant. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 & n.4 (9th Cir. 1990). Here, Defendants do not suggest the delay in this action will impair their ability to make their case. Furthermore, their main theory of prejudice—that Plaintiff's earlier filings deprived them of their "right to know what, if any, wrongdoing Plaintiff alleges against each of them and what relief she seeks from them"—was cured by the August 24 filing. Accordingly, this factor weighs against dismissal.

Public policy favors disposition of cases on the merits, so the fourth factor weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

The final factor requires the Court to consider the impact of dismissal and whether a less drastic alternative is available. *Malone*, 833 F.2d at 131-32. Here, although Plaintiff was warned that failing to comply with court orders could result in dismissal (*see* Doc. 18), it's possible to chalk up her recent procedural missteps to negligence rather than something more extreme. Specifically, it appears she diligently tried to address Defendants' concerns about the inadequacy of the FAC by supplying a new version of the complaint that was far

more structured and definitive than the two previous iterations. Admittedly, she didn't follow the correct procedural steps when doing so—she should have filed a memorandum that addressed Defendants' Rule 41(b) arguments on the merits and, separately, sought leave or consent under Rule 15(a)(2) before filing the new version of the complaint—but such missteps by a *pro se* litigant do not rise to the level of extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). ("Dismissal is a harsh penalty and is to be imposed only in extreme circumstances.").

In sum, the five-factor analysis does not support dismissal under Rule 41(b).

B.  Motion For Leave To Amend

As Defendants correctly point out in their motion, Plaintiff's effort to file a new version of her complaint on August 24, 2018 (*see* Doc. 19) was procedurally improper. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* That said, "[t]he court should freely give consent when justice so requires." *Id.*

Here, the Court finds that "justice so requires" it to construe Plaintiff's recent filings as a request under Rule 15(a)(2) to file a second amended complaint, to grant that request, and to order Doc. 19 to be treated as Plaintiff's second amended complaint. *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990) (plaintiff's failure to call her request a "motion for leave to amend" or to tender a formal amendment did not preclude district court from granting leave to amend).

Plaintiff is further advised that service of the summons and complaint on defendant Carl Westbrooks (who was not named as a defendant in the original complaint or the FAC and who, according to the docket, has not been served or made an appearance) must occur within 90 days of today's date. *See* Fed. R. Civ. P. 4(m). Proof of service must be filed with the Clerk of Court, in the form of an affidavit, promptly after service has been made. *See* Fed. R. Civ. P. 4(l). This order serves as an express warning that the Court will dismiss this action with respect to defendant Carl Westbrooks, without further notice to Plaintiff, if he is not timely served. *See* Fed. R. Civ. P. 4(m).

Accordingly,

**IT IS ORDERED** that

1. Defendants' motion to dismiss (Doc. 17) is **DENIED**; and
2. Plaintiff's "Complaint (Amended) For A Civil Case" (Doc. 19) is deemed Plaintiff's Second Amended Complaint.

Dated this 17th day of December, 2018.

*Dominic W. Lanza*
United States District Judge